UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER L. SCRUGGS,           )
                                  )
            Plaintiff,            )
                                  )
    v.                            )   Cause No. 3:16-CV-039 JD
                                  )
Sgt. SinClair, *et al.*,          )
                                  )
            Defendants.           )

OPINION AND ORDER

Christopher L. Scruggs, a *pro se* prisoner, filed a complaint under 42 U.S.C. section 1983 alleging that he was housed under unconstitutional conditions of confinement for eleven days when his cell did not have running water. (DE 2.) Pursuant to 28 U.S.C. § 1915A, the court must review a complaint filed by a prisoner and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). The court applies the same standard as when deciding a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Scruggs alleges that he was housed under inhumane conditions at the Westville Control Unit from December 1, 2015 through December 11, 2015. Scruggs complains that the defendants Lt. Creasy and Stg. SinClair ordered the running water in his cell turned off on December 1, 2015. For the next eleven days, Scruggs spoke with defendants Stg. Penny, C.O. Herbert, C.O. Kearby, DHB Officer Finn, C.O. Szkop, C.O. Mahoney, C.O. Murray and C.O. Juan about getting the water turned back on in his cell, but they did not help him do so. Further, he claims that none of these individuals would provide him with water when he asked. On December 11, 2015, Stg. Sotes turned back on the running water in Scruggs's cell.

In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Conditions of confinement may establish a constitutional violation in combination when each condition alone would not satisfy the standard. *Gillis*, 468 F.3d at 493. On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate

complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

As a threshold matter, an inmate is not entitled to have running water in his cell. *Williams v. Collins*, No. 14 C 5275, 2015 WL 4572311 (N.D. Ill. July 29, 2015) *(citing Jelinek v. Roth*, No. 93-3316, 1994 WL 447266, at *2 (7th Cir. Aug. 19, 1994)). Thus, Scruggs's claim for lack of running water in his cell for eleven days does not state a claim for which relief can be granted. He is, of course, entitled to drinking water. *Id. (citing Dillard v. Washington*, No. 96 C 698, 1998 WL 142360, at *3 (N.D. Ill. Mar. 20, 1998)). So, "a lack of running water in an inmate's cell is not a constitutional violation where the inmate has access to drinking water in other prison areas." *Id.* (citing *Ramirez v. Beatty*, No. 93-2306, 1994 WL 75897 at *3 (7th Cir. 1998); and *Mims v. Hardy*, No. 11 C 6794, 2013 WL 2451149 at *9 (N.D. Ill. June 5, 2013)).

To determine whether Scruggs has stated a Constitutional claim for a lack of drinking water, the court must evaluate both the severity and duration of the deprivation. *Id. (citing Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997)). However, Scruggs's complaint does not allow the court to engage in any meaningful analysis with regard to severity or duration because the allegations almost entirely focus on his lack of running water in his cell. At one point Scruggs does allege that "none of them would give me any water when asked." However, it would not be plausible to infer this statement means that Scruggs was denied anything to drink for eleven days because his allegations throughout the complaint discuss being "denied water" in the context of being denied running water in his cell, not water to drink. Moreover, the Constitution does not require that he be given something to drink immediately upon request; it requires only that he not be denied water or other beverages for an extended period of time. *See Tesch v. Cnty. of Green Lake*, 157 F.3d 465, 476 (7th Cir. 1998) (holding that an inmate's allegations that he was denied

assistance in obtaining drinking water for "less than two full days" was *de minimis* and did not state a claim for relief).

Scruggs has not provided any details as to whether or to what extent he was deprived of drinking water or other beverages for those eleven days that running water was turned off in his cell. Without these details, it is impossible to tell whether Scruggs has stated a plausible claim for a lack of drinking water. *See Mims*, 2013 WL 2541149 at *9 (holding that an inmate's "lack of access to drinking water from the sink in his cell" did not violate the Eighth Amendment because he could "fill his water bottle using a hose," "purchase beverages from the prison commissary," and received "water or some other form of beverage three times a day"). Without further information, the court cannot discern whether Scruggs states a plausible claim against any defendant.

Though the current complaint does not state a plausible claim, if given the opportunity Scruggs may be able to do so. Accordingly, Scruggs will be granted an opportunity to submit an amended complaint. *Luevano v. Wal-Mart Stores, Inc*., 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013). In the amended complaint, he should explain his access to drinking water and other beverages for the period of December 1, 2015 through December 11, 2015. He should explain what beverages he had access to during this time. He should also explain how many times a day he was given access to, or received, drinking water or other beverages. He must also explain how he was personally injured by the conditions he describes, providing as much detail as possible. Because the current complaint does not state a claim, the court will deny the motion for a preliminary injunction and temporary restraining order (DE 4).

For the foregoing reasons, the court

(1) **DENIES** the motion for preliminary injunction (DE 4);

(2) **DIRECTS** the clerk of court to place this cause number on a blank Prisoner Complaint 42 U.S.C. § 1983 form and send it to Christopher L. Scruggs;

(3) **GRANTS** Christopher L. Scruggs to and including February 29, 2016, to file an amended complaint; and

(4) **CAUTIONS** Christopher L. Scruggs that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

ENTERED: January 27, 2016

                                                                 /s/ JON E. DEGUILIO
                                                          Judge
                                                          United States District Court