UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CHRISTOPHER L. SCRUGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:16-CV-039 JD |
| | ) | |
| STG. SIN CLAIR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Christopher L. Scruggs, a *pro se* prisoner, initially filed a vague complaint under 42 U.S.C. § 1983, wherein he generally complained about not having access to running water in his cell. Though the complaint did not state a claim, he was granted leave to file an amended complaint and clarify his allegations in the spirit of *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). Scruggs has now filed an amended complaint, alleging that he was denied anything to drink for ten days. (DE 19.)

Pursuant to 28 U.S.C. § 1915A, the court must review a complaint filed by a prisoner and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). The court applies the same standard as when deciding a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

1

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Scruggs alleges that he was housed under inhumane conditions at the Westville Control Unit from December 2, 2015 through December 11, 2015. Scruggs complains that defendants Lt. Creasy and Stg. SinClair ordered the running water in his cell turned off. For the next ten days, Scruggs alleges he was deprived of anything to drink. He was not able to get any water from his cell since the water was turned off. He was unable to go to the commissary and purchase anything to drink because he was in segregation. And, he did not receive any liquids to drink with his meals. He was given only powdered milk or drink mix. Scruggs spoke with defendants Stg. Penny, C.O. Herbert, C.O. Kearby, DHB Officer Finn, C.O. Szkop, C.O. Mahoney, C.O. Murray, C.O. Miller and C.O. Juan about his need for something to drink, but none of these individuals would provide him with anything. On December 11, 2015, Stg. Sotos turned back on the running water in Scruggs's cell, which provided him water to drink. As a result of having no liquids to drink for those ten days, Scruggs complains that his left side hurts and it is hard for him to urinate.

In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates

are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Conditions of confinement may establish a constitutional violation in combination when each condition alone would not satisfy the standard. *Gillis*, 468 F.3d at 493. On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

As explained before, to determine whether Scruggs has stated a Constitutional claim for a lack of drinking water, the court must evaluate both the severity and duration of the deprivation. *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997)). The duration was relatively short, a ten day period. However, the severity of the deprivation was extreme. Scruggs was denied anything to drink during this time. Scruggs' allegations that these defendants deprived him of any liquids to drink for ten days satisfies the objective prong of the Eighth Amendment inquiry. *Cf. Tesch v. Cnty. of Green Lake*, 157 F.3d 465, 476 (7th Cir. 1998) (holding that an inmate's allegations that he was denied assistance in obtaining drinking water for "less than two full days" was *de minimis* and did not state a claim for relief). With respect to the subjective prong, Scruggs alleges that these defendants were personally aware of his lack of anything to drink, but

intentionally ignored his situation. If proven, these allegations could establish deliberate indifference. *See Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate repeatedly complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference."). Giving Scruggs the inferences to which he is entitled at this stage, Scruggs has alleged an Eighth Amendment claim against the defendants for denying him any liquids to drink for ten days.

For these reasons, the Court:

(1) **GRANTS** the plaintiff leave to proceed on a claim against Stg. SinClair, Stg. Miller, Stg. Penny, Lt. Creasy, C.O. Hebert, C.O. Mahoney, C.O. Murray, C.O. Finn, C.O. Kearby, C.O. Juan and C.O. Szkop in their individual capacities for compensatory and punitive damages for depriving him of any liquids to drink from December 2, 2105, through December 11, 2015, under the Eighth Amendment;

(2) **DISMISSES** any and all other claims contained in the complaint;

(3) **DIRECTS** the United States Marshals Service to effect service of process on Stg. SinClair, Stg. Miller, Stg. Penny, Lt. Creasy, C.O. Hebert, C.O. Mahoney, C.O. Murray, C.O. Finn, C.O. Kearby, C.O. Juan and C.O. Szkop; and

(4) **ORDERS** Stg. SinClair, Stg. Miller, Stg. Penny, Lt. Creasy, C.O. Hebert, C.O. Mahoney, C.O. Murray, C.O. Finn, C.O. Kearby, C.O. Juan and C.O. Szkop to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: August 10, 2016

                                                              /s/ JON E. DEGUILIO
                                             Judge
                                             United States District Court