UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CHRISTOPHER L. SCRUGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:16-CV-039-JD |
| | ) | |
| SGT. SINCLAIR, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Christopher L. Scruggs, a *pro se* prisoner, is proceeding on claims that Sgt. SinClair, Sgt. Miller, Sgt. Penny, Lt. Creasy, Officer Mahoney, Officer Murray, Officer Finn, Officer Kearby, Officer Juan, and Officer Szkop ("the Defendants") denied him access to water at the Westville Control Unit between December 5, 2015 and December 11, 2015. The Defendants moved for summary judgment on the basis that Scruggs failed to exhaust his administrative remedies before filing suit. ECF 54.

As a preliminary matter, Scruggs has filed numerous motions related to Defendants' motion for summary judgment. Scruggs has filed a motion to strike Defendants' motion for summary judgment (ECF 71); a motion requesting a hearing regarding his claim that Defendants submitted altered documents and perjurious testimony (ECF 72); a motion to reconsider the court's denial of his motion to strike (ECF 73); and a motion for sanctions (ECF 79). Each of his motions are related to his claim that Defendants submitted a false declaration from the Westville Grievance Specialist, Troy Cambe, in support of their motion for summary judgment. In Cambe's declaration, he stated that he never received an amended formal grievance from Scruggs. ECF 54-1 at ¶ 33. According to Scruggs, Cambe's statement is disproved by the fact that Cambe attached the amended grievance

to his declaration. Defendants contend that "[t]here was a mix-up in paperwork at the facility and the grievance submitted was a copy of what plaintiff provided as an attachment to his Complaint." ECF 58 at 2. Thus, defendants claim the document was attached in error and that Cambe was only in possession of the amended grievance because it was filed in Scruggs' federal complaint.

Scruggs' motions regarding Cambe's declaration will be denied. "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "Parties cannot thwart the purposes of Rule 56 by creating 'sham' issues of fact with affidavits that contradict prior depositions." *See Bank of Ill. v. Allied Signal Safety Restraint Sys.*, 75 F.3d 1162, 1168 (7th Cir. 1996); *see also Beckel v. Wal-Mart Assocs., Inc.*, 301 F.3d 621, 624 (7th Cir. 2012). Motions to strike are usually only granted in circumstances where the contested evidence causes prejudice to the moving party. *Kuntzman v. Wal-Mart*, 673 F.Supp. 2d 690, 695 (N.D. Ind. 2009). That is not the case here. When ruling on the motion for summary judgment, the court is capable of sifting through the evidence, arguments and purported disputes under the applicable federal rules and case law, giving each purported dispute the credit to which it is due. Therefore, there is no need to strike the affidavits based on admissibility concerns. There is, likewise, no need for a hearing on these issues. As discussed in the body of this opinion, there are material factual disputes that preclude the entry of summary judgment in favor of Defendants. Defendants may choose to pursue their affirmative defense by requesting a hearing on the issue of exhaustion. If such a hearing is held, Scruggs is free to raise the issue of Cambe's receipt of the amended formal grievance. If no hearing is held, and Defendants withdraw their affirmative defense, this issue will be rendered moot.

Scruggs also seeks sanctions against Cambe and Deputy Attorney General Scheil pursuant to Fed. R. Civ. P. 11. According to Scruggs, Cambe and Deputy Attorney General Scheil knowingly submitted false statements in Cambe's declaration in furtherance of Defendants' motion for summary judgment. ECF 79 at 1. Defendants argue that "Troy Cambe is not a party to this lawsuit and therefore does not meet the requirement of being an attorney or unrepresented party under [Rule 11]." ECF 82 at 1. Defendants deny that their motion was submitted in violation of Rule 11 and deny that Cambe's declaration contains perjury. *Id.* at 2. Defendants' responses (ECF 82, 83) leave much to be desired. In particular, the responses do not explain why the amended formal grievance attached to Cambe's declaration does not contain a file stamp demonstrating that it was filed with Scruggs' complaint, if the only reason Cambe was in possession of the document was because it was filed as an exhibit to the complaint. Defendants also do not explain why Cambe, a non-party, would be in possession of the complaint. Nevertheless, there is insufficient evidence to substantiate Scruggs' claim that Cambe and Deputy Attorney General Scheil acted in bad faith in violation of Rule 11. Thus, the motion for sanctions will be denied.

Next, Scruggs seeks the appointment of *pro bono* counsel. ECF 76, 95. When confronted with a request for *pro bono* counsel under § 1915(e)(1), the court is to make the following inquires: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).  If the litigant has made no reasonable attempts to secure counsel on his own, "the court should deny [the request] outright." *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). While Scruggs claims that he has contacted 20 attorneys for representation in his various cases (ECF 76

3

at 1), he presents no evidence of more than one of these requests (*see* ECF 93), and no evidence that he sought representation for this case in particular.

Scruggs claims that he needs counsel in order to adequately respond to Defendants' motion for summary judgment. The court disagrees. "The decision whether to recruit *pro bono* counsel is grounded in a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Pruitt*, 503 F.3d at 655. The record in this case demonstrates that Scruggs is more than capable of presenting arguments in furtherance of his lawsuit and in opposition to Defendants' motion. His filings have all demonstrated a good grasp of the facts and basic legal principles applicable to his claims. Moreover, the motion is moot at this time, as Defendants' motion for summary judgment is already fully briefed, and will be denied. There is, therefore, no need for the appointment of counsel to assist Scruggs in opposing the motion.

Turning to the merits, summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). Nevertheless, a party opposing summary judgment may not rely on allegations or denials in his or her own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

4

The Prison Litigation Reform Act ("PLRA") prohibits prisoners from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The U.S. Court of Appeals for the Seventh Circuit has taken a "strict compliance approach to exhaustion." *Id.* Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024.

Nevertheless, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, such as by failing to provide him with the necessary forms, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809. When there are disputed issues of fact pertaining to whether the plaintiff exhausted or was precluded from doing so, the court is required to hold an evidentiary hearing to resolve those disputes. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

5

Here, Scruggs was incarcerated at Westville Correctional Facility (Westville) during all times relevant. ECF 55 at 3. Pursuant to Indiana Department of Correction (IDOC) policy, Westville has a grievance procedure in place for inmates to grieve a broad range of issues, including their living conditions and actions of prison staff. ECF 54-1 at 2-7; Offender Grievance Process, § 00-02-301. The grievance process has three steps: an attempt at informal resolution; submission of a formal grievance; and submission of an appeal. ECF 54-1. The first step requires the inmate to try to resolve his dispute informally by contacting an appropriate staff member within five working days of the underlying incident. ECF 54-1 at 2. If the issue cannot be resolved informally, the inmate may file a formal grievance. ECF 54-1 at 3. The formal grievance must be filed within five business days of the date the offender (i) received notice that there would not be an informal resolution to his grievance; (ii) within five business days of the date the offender refused the informal resolution offered by prison staff; or (iii) by the tenth business day after the offender first sought relief through the informal grievance process. *Id.* A formal grievance must be submitted within 20 business days from the incident giving rise to the prisoner's complaint. *Id.* If the grievance submitted by the offender is rejected during the screening process, it is returned to the offender, along with a form explaining why the formal grievance was rejected and permitting the offender to properly resubmit his grievance within five business days. *Id.* On the other hand, if the grievance has been properly submitted and passed through the screening process, it is logged, assigned a case number, and the offender is provided with a notice of receipt. *Id.* If dissatisfied with the grievance response, or if he did not receive a response within 20 business days of submission, the offender may file an appeal to IDOC's central office. *Id.* at 4.

The parties agree that Scruggs filed a formal grievance concerning the allegations at issue in this lawsuit on December 21, 2015. ECF 55 at 3; ECF 57 at 2. The parties further agree that the Grievance Specialist, Troy Cambe, returned Scruggs' formal grievance to him because Scruggs had not yet utilized the informal grievance process, as required by IDOC policy. ECF 57 at 2. Cambe instructed Scruggs that in order to file a proper formal grievance, he could not request staff discipline, and he would have to utilize the informal grievance process. ECF 54-1 at 36-39. The parties also agree that Scruggs never submitted an appeal to the IDOC's central office. ECF 57. Scruggs admits that he did not complete the grievance process, but claims that it was due to Cambe's interference. ECF 57 at 1.

There are two material facts in dispute, and both center on Cambe's interactions with Scruggs. First, the parties contest whether Scruggs ever resubmitted his formal grievance to Cambe after his December 21, 2015 grievance was returned to him. Scruggs claims that he resubmitted his formal grievance to Cambe on January 7, 2016, but that he never received a response. ECF 57 at 2.[1] Defendants argue that Cambe never received a resubmitted formal grievance.

Second, the parties dispute whether the grievance appeal process was available to Scruggs. According to Scruggs, he informed Cambe on several occasions that he wished to submit an appeal. ECF 57 at 8. Scruggs argues that Cambe prevented him from filing his grievance appeal because he failed to address the resubmitted formal grievance. He claims that because Cambe refused to review the resubmitted grievance, his grievance was not assigned a case number. He claims that he could not submit an appeal without a case number. ECF 57 at 3. Scruggs also argues that Cambe prevented

---

[1] The court notes that Scruggs appears to have sent this lawsuit to be filed without waiting to see whether he would receive a response to his resubmitted grievance. However, Defendants have not raised this argument in furtherance of their affirmative defense.

7

him from filing an appeal because Cambe refused to provide Scruggs with an appeal form. ECF 57 at 3.

Defendants argue that the IDOC grievance process requires offenders to appeal a grievance if they have not received a response to their formal grievance within 20 business days of its submission. ECF 58 at 3. Yet, Defendants argument does not clarify whether Scruggs had the ability to submit an appeal without the assistance and cooperation of Cambe. While it is true that IDOC policy permits an offender to submit an appeal if 20 business days have passed without any response to the formal grievance, IDOC policy also states that offender appeals are submitted by the Grievance Specialist (here, Troy Cambe), who scans and sends the appeal to the Department Offender Grievance Manager. ECF 54-1 at 27. Defendants do not address whether Scruggs had any opportunity, or obligation, to circumvent Cambe and submit his appeal directly to the Department Offender Grievance Manager himself.

If it is true that Cambe prevented Scruggs from appealing his grievance because he refused to provide Scruggs with a case number, or because he denied Scruggs access to the appeal form, then Scruggs' failure to appeal his grievance does not amount to a failure to exhaust his administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 102 (2006) (inmates only required to exhaust administrative remedies that are available to them). Accordingly, summary judgment cannot be granted based on the present record. The motion will be denied. Unless the Defendants elect to withdraw their exhaustion defense, it will be necessary to hold a hearing pursuant to *Pavey* to resolve the two factual disputes identified in this opinion.

For these reasons,

(1) The Defendants' motion for summary judgment (ECF 54) is **DENIED**;

(2) Scruggs' motion to strike (ECF 71) is **DENIED**;

(3) Scruggs' motion for a hearing (ECF 72) is **DENIED**;

(4) Scruggs' motion for reconsideration (ECF 73) is **DENIED**;

(5) Scruggs' motions for appointment of counsel (ECF 76, 95) are **DENIED**; and

(6) Scruggs' motion for sanctions (ECF 79) is **DENIED**.

Within fourteen (14) days of this order, the Defendants are **ORDERED** to file a notice advising the court whether they elect to withdraw their exhaustion defense or proceed with a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

SO ORDERED.

ENTERED: July 25, 2017

/s/ JON E. DEGUILIO
Judge
United States District Court

9